1836.

COOPER.
*v.*
NORWOOD.

Cooper and another *v.* Norwood.

—

The annexing an affidavit to an injunction bill (Rule 37,) where an oath is waived, should be done when the bill is filed. It is not to be sanctioned after answer.

—

The complainants had waived an oath to the answer of the defendant. The latter, however, had sworn to it ; and now applied to dissolve the injunction.

At the same time, the complainants moved that an affidavit, made by one J. M. C., might be annexed to and filed with the bill and have the same effect as if it had been originally filed and annexed thereto. In order to support the latter motion, the solicitor for the complainant deposed that "previous to drawing the bill and at the request of the deponent, the said J. M. C., a disinterested and credible witness, drew up, in writing, a statement of the facts within his knowledge of the complainant's case, which would be necessary to draw the affidavit allowed to be annexed to and filed with the bill in such cases. That the said defendant having directed his attorney to commence a suit at law against the said complainants, to restrain which said bill was filed, the said bill was necessarily prepared in haste, in consequence of which the said affidavit was omitted to be annexed. That the copy of the bill served on the defendant's solicitor was not prepared by this deponent personally, nor did any thing occur to suggest to the deponent the absence of such affidavit until the coming in of the defendant's answer ; that on comparing the answer with the bill and on the tenth day of September instant it first struck the deponent that such omission had been made."

*October* 3, 1836.

*Practice.*
*Annexing*
*affidavit to*
*bill.*

1836.

COOPER

*v.*

NORWOOD.

Mr. *Robertson*, for the complainants.

Mr. *Blatchford*, for the defendant.

THE VICE-CHANCELLOR :—As to the application now to annex an affidavit to the answer :—This practice, of attaching an affidavit, made by a disinterested person, to an injunction bill was introduced by the 37th Rule. It may be done, where the defendant's oath is waived ; but it is not absolutely required.

In the present case, it was not done when the bill was filed ; and it is now, for the first time and after an answer has become perfect, asked to be allowed. The affidavit in support of the present motion is not positive as to the intention to make out and annex an affidavit when the bill was prepared ; and it appears that the solicitor for the complainants was not struck with, what he calls, the omission, until he compared the answer with the bill. If such a motion as the present can be tolerated at all, I think it ought clearly to appear that the intention, to file the affidavit with the bill, existed at the time, and that the omission was purely accidental.

I consider the rule allowing an affidavit to be annexed should be strictly observed. A party has no right to wait until the coming in of the answer and then, upon finding the necessity of the thing, ask for permission. This motion cannot be granted.

> Motion denied, with costs ; and the injunction was dissolved, in consequence of the answer having denied the equity of the bill.